IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY L. ROBERTS,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

Civ. No. 6:15-cv-00228-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Kelly Roberts brings this action for judicial review of the Commissioner's decision denying her application for supplemental security income ("SSI"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On April 14, 2011, Roberts filed an application for SSI, alleging disability as of that date. After a hearing, the administrative law judge ("ALJ") determined Roberts was not disabled under the Social Security Act from April 14, 2011 through July 23, 2013. Tr. 32.[1] Roberts argues the ALJ erred in finding her testimony less-than credible, in rejecting the opinion of a treating physician, in not finding her depression to be a severe impairment, and in failing to order a psychological evaluation. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The ALJ determined Roberts suffered from the following severe impairments: degenerative disc disease (DDD), chronic obstructive pulmonary disease (COPD), and mild obesity. Tr. 22. After listing Roberts's earlier psychological diagnoses, the ALJ conducted an analysis of the four functional areas known as the "paragraph B" criteria and concluded Roberts's depression was not severe under the Act. Tr. 22-24. As to Roberts's residual functional capacity (RFC), the ALJ found she could perform light work and could lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours and sit for 6 hours in an 8-hour workday. Tr. 24. Given Roberts's RFC, the vocational expert opined she could perform the jobs of small products assembler II, marker II, and office helper. Tr. 32. Therefore, the ALJ concluded Roberts was not disabled under the Act.

Roberts argues the ALJ erred in four ways: (1) finding her less-than credible; (2) rejecting the opinion of Dr. Bolz; (3) failing to find her depression was a severe impairment; and (4) failing to order a psychological evaluation. I disagree.

Roberts alleged severe limitations, such as the need to stop to rest after walking three blocks. The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989)). The ALJ "may consider a wide range of factors in assessing credibility." *Ghanim v. Colvin*, 12-35804, 2014 WL 4056530, at *7 (9th Cir. Aug. 18, 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as comparing and

contrasting the alleged symptoms against the claimant's activities of daily living. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir.2007).

The ALJ pointed to Roberts's activities of daily living and contrasted those activities against her alleged limitations. Roberts does not dispute that she helps care for her boyfriend's disabled sister. At the hearing, Roberts stated her boyfriend was the primary caretaker. The ALJ, however, referenced Dr. Mehlaff's note that "she is the care provider for her boyfriend's sister." Tr. 28 (citing Tr. 300). Roberts performed those caretaking duties despite not being on pain medications for several months. Tr. 301. The ALJ also noted Roberts went on daily bike rides around the neighborhood, did cooking, cleaning, and other household chores for herself and her boyfriend, and took the bus to go shopping. The ALJ's conclusion that Roberts's daily activities did not align with her claimed limitations is supported by substantial evidence in the record.

Additionally, the ALJ noted that pain medications generally limited Roberts's pain. Impairments that can be controlled effectively with medication or treatment are not disabling for purposes of determining eligibility for benefits. *see Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Shortly before going off pain medication, Roberts reported her pain was 90% controlled with medications. While Roberts testified that pain medication made her "dope sick," the record does not indicate Roberts stopped using pain medication because of side effects. Instead, Roberts's doctor refused to prescribe more pain medication—despite Roberts's request for a refill—after Roberts skipped a UA (after warnings that she could not continue smoking marijuana and using methamphetamines while on pain medications). Tr. 301.

The ALJ also referenced Roberts's inconsistent statements to doctors over many years regarding her drug use. Despite being hospitalized for methamphetamine abuse in July 2008,

Roberts told an examining physician in 2011 that she last used methamphetamine in 2007. Also in 2011, Roberts told Dr. Bolz she last used methamphetamine in 2009.

The ALJ provided "specific, clear and convincing reasons" for rejecting Roberts's testimony. *Vasquez v. Astrue*, 572, F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Charter*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

Roberts next argues the ALJ erred in rejecting the opinion of Dr. Bolz, her treating physician. Dr. Bolz opined Roberts was limited to sedentary functions. Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). When a treating physician's opinion is contradicted by another medical opinion, the ALJ may reject the opinion of a treating physician only by providing "specific and legitimate reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

The ALJ gave Dr. Bolz's opinion little weight as it was based largely on Roberts's self-reporting of her limitations. Tr. 30. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Dr. Bolz mentioned that Roberts presented that day solely for Dr. Bolz to fill out the disability form. Tr. 308. Dr. Bolz wrote "Reviewed with her what she feels that she is able to do and not able to do." Tr. 308. The ALJ's conclusion that Dr. Bolz's limitations were taken from Robert's self-reporting is supported by the record. For example, in his treatment notes, Dr. Bolz wrote "She says she cannot even open up a bottle of pop because of the severe pain." Tr. 301. This comment, clearly taken from Roberts's own self-report, also appears in Dr. Bolz's opinion regarding Roberts's

limitations, where he notes Roberts is limited to occasionally reaching, handling, and fingering, and "Cannot open bottle." Tr. 297.

Although that reason alone is sufficient for assigning little weight to Dr. Bolz's opinion regarding Roberts's limitations, the ALJ provided other legitimate reasons. The ALJ noted Dr. Bolz's restrictions are not consistent with his notes from his most recent treatment of Roberts, where he stated Roberts's medications provided 90% relief of her symptoms. In September 2012, when Dr. Bolz provided his opinions, Roberts was still taking pain medications. Finally, the ALJ pointed to Roberts's activities of daily living, described above, and contrasted those activities with Dr. Bolz's limitations. The ALJ provided specific and legitimate reasons, supported by the record, for discounting Dr. Bolz's limitations.

Next, Roberts argues the ALJ erred in not assigning her depression a severe impairment and in failing to order a psychological evaluation. The ALJ concluded depression did not limit Roberts in any meaningful way. The more recent of Roberts's two evaluations concluded she suffered no work-related impairments from psychological issues. Tr. 256-57. Dr. McConochie concluded Roberts "does not appear to have any major psychological limitations to work activity that she hasn't had for many decades, many of which were present when she was successfully employed." Tr. 257. Because even this more recent evaluation came over two years before the alleged onset date, the ALJ assigned it no weight.

The ALJ pointed out Roberts did not seek any psychological treatment in the four years between his written decision and her last evaluation. And while Dr. Bolz referred Roberts for psychological treatment, she failed to follow through. Tr. 301, 315. Additionally, Roberts did not even mention depression, or any related limitations, at the hearing before the ALJ.

The ALJ also conducted an analysis of Roberts's mental limitations under the "paragraph B" criteria of the regulations. Tr. 23-24. As to this portion of the ALJ's decision, Roberts points to no specific errors and I find none. Contrary to Roberts's claim, the ALJ did not fail to sufficiently develop the record. Here, the record regarding Roberts's depression was sufficiently developed to allow for a proper evaluation, which the ALJ performed. *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). The ALJ's conclusion that Roberts suffered only mild limitations in activities of daily living, social functioning, and concentration, persistence, and pace, with no evidence of any episodes of decompensation, is supported by the record. Although Roberts argues another interpretation of the record is reasonable, that is not a legitimate reason for overturning the ALJ's conclusions. *Gutierrez*, 740 F.3d at 523 (quoting *Reddick*, 157 F.3d at 720-21 ("If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner.")).

## CONCLUSION

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 3rd day of June, 2016.


_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge